## No. 648

### AKRON COLD SPRING CO. v. UNKNOWN HEIRS OF JUSTIN ELY

Ohio Appeals, 9th District, Summit County
No. 649. Decided June 8, 1923

This opinion has not been published except in Abstract.

**145. DEEDS.**

Whether provision in deed is a reservation or exception.

WASHBURN, J.:

Epitomized Opinion

Action to quiet title to land which Spring Co. has been in possession of for over 70 years. Ely was the owner of certain real estate on which there was a valuable spring. Ely and members of the Spring Co. made an agreement as to this spring and the Company took possession thereunder. Ely died in 1855. His executors executed and delivered to Hartman a warranty deed of all of Ely's land. This deed contained the following provision: "Being subject to all legal highways, also to all rights of the Akron Cold Spring Co. to the spring of water on said land, together with not exceeding sixty-one-hundredths of an acre for a reservoir at said spring, with the right to use stone for the construction of said reservoir from the land so reserved to said Company." Seven months thereafter executors executed and delivered to Spring Co. a warranty deed of this land. The deed recited that Spring Co. had constructed a reservoir and laid pipe to it and had enclosed the land with a fence in conformity with agreement between members of the Company and Ely, and provided that the land should be used solely for reservoir, and provided for a right of re-entry for failure of Spring Co. to do certain things. On appeal the Court of Appeals in quieting title of the Spring Co., held:

1. The language of the deed to Hartman as to the Spring Co. is an exception and not a reservation. "A reservation is something taken back out of that which is granted and creates an easement; an exception is some part of the estate not granted at all." Though the word reserved is used, it is customary to ignore the terms and determine the question according to the nature of the right sought to be created. The parties intended an exception as shown by the subsequent deed of executors to Spring Co.

2. If the provision in the deed to Hartman is construed as a reservation in the nature of an easement the Spring Co. received no right in said property because it was not a party to the deed. A reservation in a deed is ineffectual to create title in a stranger to the conveyance. Therefore if the Spring Co. obtained no rights by the deeds it has been in the open, notorious, exclusive, adverse possession of the property for 70 years, and for that reason also title of the Spring Co. should be quieted.

FUNK, P. J., dissenting, held:

1. The language in the deed to Hartman should be construed as an exception and not as a reservation, but the exception should not be construed as a ... A deed containing exceptions or reservations must be construed most strongly against the grantor. The deed to Hartman conveyed the fee to the whole tract and excepted only the use of the spring and the land for a reservoir. As the property in question had been deeded to Hartman, the Spring Co. could get no title by a deed from the executors.

2. As the Spring Co.'s possession is referable to an easement and consistent wit hthe terms accepted by Hartman in deed to him, such possession is not adverse until Spring Co. does some overt act to show that it claims something more than Hartman consented to in accepting his deed and thereby starting the Statute of Limitations to run.